UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :
                                                               :
ANTHONY J. BARTOLOMEO,                                         :   Chapter 7
                                                               :   Case No. 19-12294 (LGB)
                                          Debtor.              :
---------------------------------------------------------------x
Crescent Electric Supply Company, Inc.,                        :
                                                               :
                                                               :
                                          Plaintiff,           :
                                                               :   Adv. Pro. No. 19-01328 (LGB)
            - against -                                        :
                                                               :
ANTHONY J. BARTOLOMEO,                                         :
                                                               :
                                                               :
                                          Defendant.           :
---------------------------------------------------------------x

## BENCH DECISION ON DEFENDANT'S MOTION TO DISMISS

### A P P E A R A N C E S

KORSINSKY & KLEIN LLP
Attorneys for Plaintiff Crescent Electric Supply Company Inc. of New York
BY:   Marc Illish
      Michael Korsinsky

DAVIDOFF HUTCHER & CITRON LLP
Attorneys for Defendant Anthony J. Bartolomeo
BY:   James B. Glucksman
      Robert Leslie Rattet

TARTER KRINSKY & DROGIN LLP
Attorneys for Trustee Deborah J. Piazza
BY:   Arthur Goldstein

**LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

On October 14, 2020, Anthony J. Bartolomeo, defendant in the adversary proceeding 19-01328, filed a declaration of Anthony Bartolomeo in support of the motion to dismiss [Docket No. 28] with respect to the amended complaint [Docket No. 22] (the "Complaint") and an accompanying memorandum of law [Docket No. 30]. On November 4, 2020, the plaintiff, Crescent Electric Supply Company Inc. of New York, filed a memorandum in opposition to the motion to dismiss [Docket No. 32]. On January 7, 2021, the defendant filed a reply in support of the motion to dismiss [Docket No. 36].

The defendant is a debtor in a chapter 7 proceeding, Case No. 19-12294 (LGB), which was commenced on July 16, 2019 and is pending before this Court.

Based upon the pleadings submitted to the Court, I am granting the defendant's motion to dismiss in part and denying the motion to dismiss in part.

In the Complaint, the plaintiff is seeking an exception to discharge for debt owed by the defendant to the plaintiff under sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code. The Complaint states that the debt owed to plaintiff is an unsecured non-priority claim in the amount of $188,645.39. Complaint ¶ 24, Docket No. 22.

The defendant seeks to dismiss the Complaint on various grounds including res judicata and collateral estoppel based upon the decision issued by Judge Tanya R. Kennedy of the Supreme Court of State of New York dated July 3, 2019 (the "State Court Decision") which is attached to the declaration of Anthony Bartolomeo as Exhibit 1. Having reviewed the Complaint and the State Court Decision, the plaintiff is not seeking to relitigate issues that were previously determined in the state court proceeding before Judge Kennedy. Thus, the State Court Decision does not provide grounds to dismiss the Complaint on grounds of res judicata or collateral estoppel or the "Rooker-Feldman Doctrine," notwithstanding similarities of the complaint. In part, this is because Judge Kennedy granted leave for the plaintiff to replead two of the causes of action (the sixth and seventh causes of action in the state court complaint regarding trust assets) and in part because the plaintiff seeks relief in the Complaint under the Bankruptcy Code (precluding a discharge of debt) that differs from the relief sought in the state court complaint before Judge Kennedy.

Section 523(a)(6) provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt— . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." To be considered "willful" under this section, the injury itself must be "deliberate or intentional," it is not enough that a deliberate or intentional act led to an injury. *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998). The actor must have intended "'the consequences of an act,' not simply 'the act itself.'" *Id.* (citations omitted).

2

The plaintiff alleges in the Complaint that the defendant intentionally participated and knew about the use of trust funds for non-trust purposes in his role as a member, principal, and officer of Innovative Electrical Services LLC ("Innovative"). Complaint ¶ 62. The plaintiff further alleges that it is undisputed that the plaintiff knowingly participated in Innovative's diversion of trust funds when said funds were used for non-trust purposes to pay Provident Bank, a non-trust beneficiary creditor of Innovative. Complaint ¶ 67. The plaintiff also alleges that, upon information and belief, the defendant in his role as an officer of Innovative intentionally consented to and/or signed multiple false waivers before a notary public, including lien waivers with respect to projects for which the plaintiff was owed money. Complaint ¶ 73.

While the Complaint includes allegations that defendant acted knowingly and intentionally in taking actions in his role as an officer of Innovative to divert trust funds to non-trust purposes, the Complaint does not contain any allegations that the defendant willfully and maliciously intended to injure the plaintiff by these alleged acts. Therefore, the motion to dismiss with respect to the count in the Complaint seeking a denial of the discharge of the debt under section 523(a)(6) is granted.

The Complaint also seeks a denial of the discharge of the debt under section 523(a)(2) of the Bankruptcy Code on the grounds that the debt was incurred for services rendered that were obtained by fraud. Complaint ¶ 58.

Section 523(a)(2) of the Bankruptcy Code is more broadly worded. It precludes a debt from being discharged if it is for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

In interpreting section 523(a)(2), courts have applied a five-part test. Each of these five elements must be established:
(1)    the debtor made a representation;
(2)    the debtor knew the representation was false at the time it was made;
(3)    the representation was made with the intent to deceive the creditor;
(4)    the creditor relied on the representation; and
(5)    the creditor was injured by the representation and suffered damages as a result. *Kuper v. Spar* (*In re Spar*), 176 B.R. 321, 326 (Bankr. S.D.N.Y. 1994).

In the Complaint, the plaintiff alleges that the defendant swore that all of the beneficiaries, including the plaintiff, were paid in full in respect of the construction projects for which Innovative was being paid in exchange of the lien waivers. Complaint ¶ 74. The plaintiff also alleges that these representations were false when made and the defendant knew them to be false. Complaint ¶ 75. The Complaint further alleges that as a result of signing false waivers and the making of false representations as stated therein, the defendant induced general contractors and owners to make payment of lien trust funds. Complaint ¶ 76.

3

What the Complaint does not allege is that the false representations were made with the intent to deceive the plaintiff, as opposed to the general contractors and the owners. The Complaint also does not allege that the plaintiff, as opposed to the general contractors and the owners, relied upon the defendant's false representation. Plaintiff has not met its burden of pleading in the Complaint with respect to the required five elements. Accordingly, the motion to dismiss with respect to the count in the Complaint seeking a denial of the discharge of the debt under section 523(a)(2) is granted.

Under section 523(a)(4) of the Bankruptcy Code, the debt may be excepted from discharge for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny. The Complaint alleges that the defendant committed defalcation while acting in a fiduciary capacity and larceny.

The Complaint cites to section 79-a of New York Lien Law (the "Lien Law") which states "an officer, director or agent of such trustee, who applies or consents to the application of trust funds received by the trustee as money or an instrument for the payment of money for any purpose other than the purposes of that trust, as defined in section seventy-one, is guilty of larceny and punishable as provided in the penal law." Complaint ¶ 70. To sufficiently plead larceny, the Complaint must allege that the funds received by Innovative from the owner or general contractor were trust funds, that Innovative was the trustee of such trust funds, that the defendant was an officer of Innovative at the time of the application of the trust funds and that the defendant consented to the application of the trust funds. The Complaint alleges each of these elements of larceny. Complaint ¶¶ 29–39, 48–49.

The State Court Decision held that Article 3-A of the Lien Law creates "'trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction.'" *Crescent Elec. Supply Co., Inc., of N.Y. v. Innovative Elec. Servs. LLC*, 2019 N.Y. Misc. LEXIS 3657, at *6 (N.Y. Sup. Ct. 2019) (quoting *Caristo Constr. Corp. v. Diners Fin. Corp.*, 21 N.Y.2d 507, 512 (1968)). Bankruptcy Courts in New York have held that Article 3-A of the Lien Law creates an express statutory trust which qualifies as a trust for purposes of section 523(a)(4). *See Besroi Constr. Corp. v. Kawczynski (In the Matter of Kawczynski)*, 442 F.Supp. 413 (W.D.N.Y. 1977); *Truax & Hovey, Ltd. v. Grosso (In re Grosso)*, 9 B.R. 815 (Bankr. N.D.N.Y. 1981); *Sandak v. Dobrayel (In re Dobrayel)*, 287 B.R. 3 (Bankr. S.D.N.Y. 2002). Funds received by a contractor are held in trust for the benefit of certain beneficiaries, including subcontractors and materialmen. N.Y. Lien Law § 70(3) (Consol. 2021). Lien Law section 71(2) includes materialmen in the list of parties that may be paid out of the trust assets. The contractor is in a fiduciary relationship to the beneficiaries as the statutory trustee. N.Y. Lien Law § 70(3) (Consol. 2021). Courts have held that officers of a corporate trustee may be held personally liable under the Lien Law for a corporation's diversion of trust funds. *See Curtis Lumber Co., Inc. v. Waldron (In re Michael J. Waldron)*, 2015 WL 6734481, at *1 (Bankr. N.D.N.Y. 2015).

4

      The Complaint alleges that the plaintiff was a "materialman" to Innovative in connection with numerous projects where Innovative used electrical supplies and related materials. Complaint ¶ 10.  The Complaint also alleges that the funds received by Innovative in connection with the performance of its work for public improvement construction projects and the improvement of real property constituted assets of an express trust pursuant to Lien Law section 70(1).  The Complaint further alleges that Innovative is the trustee of the statutory trust and that the plaintiff is a beneficiary.  Complaint ¶¶ 34–35, 39.  Additionally, the Complaint alleges that the defendant as a member, principal and officer of Innovative had a fiduciary duty to the beneficiaries of the trust.  Complaint ¶ 42.

      The Supreme Court articulated the standard for defalcation in *Bullock v. BankChampaign, N.A.*, 569 U.S. 267 (2013).  "[W]here the conduct at issue does not involve bad faith, moral turpitude, or other immoral conduct, the term requires an intentional wrong.  We include as intentional not only conduct that the fiduciary knows is improper but also reckless conduct of the kind that criminal law often treats as the equivalent." *Id.* at 273–74.  The Complaint alleges that the defendant in his role as a member, a principal, and officer of Innovative intentionally participated in the diversion of trust funds (Complaint ¶ 62) or converted trust funds for his own use (Complaint ¶ 48).  Thus, the Complaint contains sufficient pleading of conduct by the defendant which could constitute defalcation while acting in a fiduciary capacity.

      Accordingly, I deny the motion to dismiss with respect to the count in the Complaint seeking relief under section 523(a)(4).

**IT IS SO ORDERED.**

Dated:   August 25, 2021
           New York, New York

                                              **/s/ Lisa G. Beckerman**
                                              HON. LISA G. BECKERMAN
                                              U.S. BANKRUPTCY JUDGE